Jeremy Pinson #16267-064
Name and Prisoner/Booking Number

USP Tucson
Place of Confinement

PO Box 24550
Mailing Address

Tucson, AZ 85734
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

IN THE UNITED STATES DISTRICT COURT
District of Arizona

Jeremy Pinson
(Full Name of Plaintiff)
Plaintiff,

vs.

(1) Nurse Estrada
(Full Name of Defendant)

(2) Nurse Alexander

(3) Nurse Schuler

(4) United States
Defendant(s).
☒ Check if there are additional Defendants and attach page 1-A listing them.

CV18-0535 TUC RM PSOT

CASE NO. _____
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
BY A PRISONER

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☒ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☒ Other: Federal Tort Claims Act 28 USC 2671-80

2. Institution/city where violation occurred: USP Tucson

Revised 3/9/07

1

550/555

## B. DEFENDANTS

1. Name of first Defendant: __Nurse Estrada__. The first Defendant is employed as: __Nurse__ (Position and Title) at __USP Tucson__ (Institution).

2. Name of second Defendant: __Nurse Alexander__. The second Defendant is employed as: __Nurse__ (Position and Title) at __USP Tucson__ (Institution).

3. Name of third Defendant: __Nurse Schuler__. The third Defendant is employed as: __Nurse__ (Position and Title) at __USP Tucson__ (Institution).

4. Name of fourth Defendant: __United States Government__. The fourth Defendant is employed as: __Government__ (Position and Title) at __USP Tucson__ (Institution).

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☒ Yes   ☐ No

2. If yes, how many lawsuits have you filed? __100+__. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: __Pinson__ v. __DOJ__
      2. Court and case number: __12-1872 (D.D.C.)__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Pending__

   b. Second prior lawsuit:
      1. Parties: __Pinson__ v. __DOJ__
      2. Court and case number: __18-486 (D.D.C.)__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Pending__

   c. Third prior lawsuit:
      1. Parties: __Pinson__ v. __Unknown Party__
      2. Court and case number: __13-2059 (D. Ariz.)__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __remand from Ninth Circuit Pending on__

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: Violation of the 1st and 8th Amendment

2. Count I. Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☒ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Count I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On 9-13-18 Nurse Estrada refused me my noon medications for pain, anxiety and depression. On 9-14-18 Nurse Alexander did the same at breakfast. Previously by 2 weeks Nurse Schuler did the same. These individuals did explain they were doing this because I sued Officer Ivey. The morning and evening doses denied also contained medications for tardive dyskinesia, irritable bowel syndrome and hormone therapy, without which I could die of a heart attack or stroke. All 3 individual defendants are employed by the United States and lack the license to take away medications prescribed by a doctor. (Continued)

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   Suicidal feelings, anxiety, self-harm, chest pains, dizziness.

5. Administrative Remedies:
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count I?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?  ☐ Yes  ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Was denied all necessary forms to finish the process.

## COUNT II

1. State the constitutional or other federal civil right that was violated: __Federal Tort Claims Act, 28 USC 2671-80__

2. Count II. Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☒ Other: __Medical Malpractice__
   - ☒ Medical care
   - ☒ Retaliation

3. Supporting Facts. State as briefly as possible the FACTS supporting Count II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Same Counts I Facts

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   Suicidal, anxiety, self-harm, chest pains, dizziness

5. Administrative Remedies.
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

# COUNT III

1. State the constitutional or other federal civil right that was violated: __N/A__

2. **Count III.** Identify the issue involved. Check **only** one. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☐ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count III?  ☐ Yes  ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?  ☐ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

... 

## E. REQUEST FOR RELIEF

State the relief you are seeking:
(1) Damages in the amount of $50,000 dollars
(2) Injunction enjoining denial or deprivation of all medications that were prescribed up until Sept. 1, 2018

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
           DATE

_____
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6

Page 1 Continued (Parties):

Defendant Federal Bureau of Prisons, is a federal agency, operating USP Tucson.
Defendant U.S. Public Health Service, is a federal agency, supplying medical personnel to USP Tucson.
Defendant FNU Cox is a Mid-Level Practitioner at USP Tucson.
Defendant Ann Ash, is a medical doctor, at USP Tucson.
Defendant FNU McMillon, is an Officer at USP Tucson.
Defendant FNU Wheldon, is an officer, at USP Tucson.
Defendant James Pelton, is a previous Medical Director overseeing USP Tucson.
Defendant Mary Mitchell, is a Regional Director, overseeing USP Tucson.
Defendant Newton Kendig, is a BOP Medical Director, in Central Office, overseeing USP Tucson.
Defendant Juan Baltazar, is Warden of USP Tucson.
Defendant FNU Prioleau, is an Associate Warden, at USP Tucson.
Defendant Donald Lewis, is Chief Psychiatrist of the BOP, overseeing USP Tucson.
Defendant FNU Spangard, is a contract Psychiatrist at USP Tucson.
Defendant FNU England, is Health Services Administrator of USP Tucson.

Pages 3-4 Continued (Facts - Claims 1-2):

On 9-14-18 defendant McMillon stopped plaintiff while exiting the dining hall to go speak with him and defendant Wheldon. Wheldon stated, defendant "Estrada said to tell you since you want to email [Prioleau] and the press and your lawyers the pain and psych meds will be discontinued." As this was being stated, defendant McMillon stated, "say anything and I will break your fucking teeth out." Plaintiff became suicidal and reported to USP Tucson psychologists "I feel suicidal and want to cut my throat and die." Additionally, inmate Gary Long told Moreno, "please help her she is trying to get a razor to cut her throat." Plaintiff was not place on any suicide watch. At the evening pill line, Nurse Alexander informed plaintiff he had disconinued her medications with the assistance of defendant ASH "because you want to call lawyers and put my name in the press." The plaintiff submerged into withdrawal due to the sudden discontinuation of benzodiazepines, and was in severe pain due to the discontinuation of her Gabapentin.
USP Tucson has an extended history of taking dozens of inmates off of any psychiatric or pain medications for non-clinical security reasons. A number of complaints were submitted over a number of years by other inmates about this practice to defendants PHS, Pelton, Mitchell, Kendig, Lewis and England as these individuals were responsible for oversight of the medical and psychiatric treatment at USP Tucson as well as training, supervision and discipline of defendants Spangard, Ash, however despite knowledge of the interference by Ash and Spangard and Cox, defendants BOP, PHS, Pelton, Mitchell, Kendig, Lewis, and England did nothing to stop the practice of disconinuing inmate treatments at USP for non-clinical reasons. Additionally BOP, PHS, and Kendig conspired with other unknown named persons to remove plaintiffs medications from the BOP formulary for non-clinical reasons. Following the actions of Alexander the plaintiff contacted both Prioleau and Baltazar about the threat to discontinue her medications for non-clinical purposes of retaliating against her for her complaints to the press, her lawyers, and her Rabbi and Senator Amy Klobuchar and both Prioleau and Baltazar assured plaintiff that her medications would not be discontinued.
Plaintiff began experiencing serious withdrawal symptoms following the

Pages 3-4 Continued, Facts - Claims 1-2:

discontinuation of her benzodiazepines including vomiting, nausea, pain, headaches, anxiety, suicidal ideation, sweating, insomnia - yet defendant Alexander denied medications to treat her withdrawal, and refuses to call Cox, Ash or Spangard to seek medical guidance on how to address the withdrawl symptoms and condition. He also failed to notify a psychologist or other mental health professional that plaintiff was suicidal in violation of BOP policy.

7