WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-18-00535-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Estrada, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Jeremy Pinson's Emergency Motion for Preliminary Injunction. (Doc. 5.) Defendants filed a Response. (Doc. 13.) Plaintiff filed an untimely Reply and a Motion to Supplement Reply. (Docs. 18, 22.) For the following reasons, Plaintiff's request for preliminary injunctive relief will be denied.

**I.    Background**

Plaintiff filed this action on November 2, 2018. (Doc. 1.) She alleges two claims arising from the discontinuation of her medications. (*Id.* at 3–4.) She alleges that her medication is being denied in retaliation for one or more of her many lawsuits against prison staff.[1] (*Id.* at 3, 7–8.) She also alleges that the denial of her medications has caused and will cause myriad symptoms, including suicidal feelings, anxiety, and pain. (*Id.* at 3.)

On December 6, 2018, Plaintiff filed an Emergency Motion for Preliminary

---

[1] A cursory search of the Court's PACER database reveals that Plaintiff has filed or been a party to at least 190 civil suits in various federal district courts across the country—including at least 11 in this District. Plaintiff is currently subject to a filing bar, which prevents her from obtaining *in forma pauperis* status unless she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Injunction. (Doc. 5.) She seeks injunctive relief requiring prison medical staff to restore her medications (specifically, her Gabapentin, Clonazepam, and hormone therapy medications), arguing that the denial of such relief will cause "unnecessary pain and suffering and potential loss of life." (*Id.* at 1.) On January 14, 2019, the Court ordered that Defendants United States, the Federal Bureau of Prisons, and the United States Public Health Service file a response to Plaintiff's request for injunctive relief. (Doc. 7.) Defendants filed their Response on February 15, 2019. (Doc. 13.) Plaintiff filed her Reply on March 1, 2019, and her Motion to Supplement Reply on March 8, 2019. (Docs. 18, 22.)

## II. Standard of Review

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). There are four requirements for a preliminary injunction: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiff's favor; and (4) an injunction is in the public interest. *Id.* at 20. The relief sought by Plaintiff requires affirmative conduct by Defendants. "Such 'mandatory preliminary relief' is subject to heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) (citing *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1980)).

The Ninth Circuit follows a "sliding scale" approach to preliminary injunctions. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a weaker showing as to the likelihood of success on the merits may be offset by a stronger showing with respect to the balance of the equities. *Id.* at 1131–32. If the moving party is unable to establish a likelihood of success on the merits, a preliminary injunction may still be granted if (1) there are serious questions going to the merits, i.e., substantial, difficult, and doubtful questions on which the plaintiff has a fair chance of success; (2) the balance of hardships tips "sharply" in the plaintiff's favor; and (3) the other *Winter* requirements, i.e., irreparable harm and in the public interest, are met. *Id.* at 1135.

The Prison Reform Litigation Act creates additional requirements for injunctive relief against prison officials. 18 U.S.C. § 3636(a)(2). "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm . . . and be the least intrusive means necessary to correct that harm. *Id.*

## III. Discussion

Plaintiff has failed to establish serious questions or a likelihood of success on the merits. Plaintiff alleges that she is being denied her medications in violation of the Eighth Amendment. Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Id.* at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

Plaintiff has failed to establish that Defendants were deliberately indifferent to her medical needs. With respect to Gabapentin and Clonazepam, Defendants submit evidence

directly refuting Plaintiff's allegation that her medications were taken away without medical justification.[2] On two consecutive days, Plaintiff was caught diverting her Clonazepam and Gabapentin instead of taking them as prescribed. (Doc. 15 at 70–71 (September 13, 2018 note stating that Plaintiff had been caught diverting medication by placing the crushed pills in her left cheek), 77 (September 14, 2018 note stating that Plaintiff had been caught diverting medication by placing the crushed pills in her left cheek).) Furthermore, Plaintiff's lab results showed that she was not taking Clonazepam, although she was supposed to be taking it three times per day. (*Id.* at 86.)

After reviewing the foregoing reports and results, Dr. Ash explained:

> When an inmate attempts to divert their medication, she is not taking the medication as it is prescribed. This puts in question her need for the medication for the reason it was prescribed. Also, inmate may be hoarding medication to take an excessive amount or in an inappropriate way. Or hoarding medication for a suicide attempt/gesture. For these reasons and inmate's safety this medication is discontinued and should not be reinstated. This has nothing to do with an incident report and is not intended as a punishment but is for safety and good order.

(*Id.* at 84.) The foregoing evidence confirms that Plaintiff's medications were discontinued for legitimate reasons, not with deliberate indifference or without justification.

Plaintiff has also failed to allege a "serious medical need" that is not being treated. Plaintiff has been prescribed and is receiving alternative medications to treat the conditions for which Gabapentin and Clonazepam were prescribed. Plaintiff took Gabapentin for pain and Clonazepam for anxiety but now takes Oxcarbazepine and Buspar for those conditions, respectively. (*Id.* at 91–93.) Plaintiff has "reported experiencing positive effects" from both new medications. (*Id.* at 94.)

With respect to Plaintiff's hormone therapy medications, her medical records show that she has received her prescribed medications continuously since 2015. (*Id.* at 3.) During the period described in her Complaint, she missed her hormone therapy medication

---

[2] Plaintiff argues that the Defendant's evidence is inadmissible under the Federal Rules of Evidence. However, because there is only limited evidentiary development at the preliminary-injunction stage, the rules of evidence do not strictly apply. *Herb Reed Enters. v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013).

only once, when she was transported to the emergency room due to chest pain. (*Id.* at 36, 43–46, 49–50, 53–54, 56–59, 62–63, 95–99.) Plaintiff thus has failed to show deliberate indifference to a serious medical need.

The evidence submitted by Plaintiff does not persuade the Court otherwise. The evidence shows that Plaintiff's medications were discontinued (more accurately, substituted, with positive results) because she was improperly diverting them. Plaintiff's declarations that the discontinuation of her medications was retaliatory and that she has complained about the new medications thus lack credence. (Doc. 5-1 at 6.) Likewise, the conclusory assertions of David Hughes, Shane McMillan, Jeff Dorsey, and Jerry Sargent that their Gabapentin was discontinued for "non-clinical reasons" lend no support to Plaintiff, whose medications were discontinued for legitimate reasons. (Doc. 5-1 at 13, 15, 17, 19.) Finally, the declarations of Jahmal Green, Julio Cuevas, John Allen, Tori Jackson, and Eleanor Allen assert only general allegations of retaliation and medical negligence. (Doc. 18-2 at 4; Doc. 22-1 at 1–5.) They do not pertain specifically to Plaintiff's allegations and thus do not support her request for preliminary injunctive relief.

Plaintiff argues that she is entitled to an evidentiary hearing because she has "demonstrate[d] a dispute of material fact." That is not the correct legal standard. Moreover, on this record, a hearing would serve no purpose. The evidence is in conflict, and, as explained above, Plaintiff's medical records are more persuasive than her declarations. She thus cannot meet her burden.

Because Plaintiff has failed to establish a likelihood of success on the merits, the Court declines to address in detail the remaining *Winter* elements. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) ("[W]hen a plaintiff has failed to show the likelihood of success on the merits, [courts] need not consider the remaining three *Winter* elements." (citation and internal quotation marks and brackets omitted)). The Court notes, however, that because the evidence demonstrates that Plaintiff is receiving her medications as prescribed, that she has also failed to show that she is likely to suffer irreparable harm in the absence of injunctive relief.

**IT IS ORDERED** that Plaintiff's Emergency Motion for Preliminary Injunction (Doc. 5) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement Reply (Doc. 22) is **granted**.

Dated this 19th day of March, 2019.

_____
Honorable Rosemary Márquez
United States District Judge