WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No.  CV 18-00535-TUC-RM |
| Plaintiff, | |
| v. | **ORDER** |
| Estrada, et al., | |
| Defendants. | |

Plaintiff *pro se* Jeremy Pinson, who is currently confined in the United States Penitentiary-Tucson, filed this action pursuant to 28 U.S.C. § 1331, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA). On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment medical care claims and an FTCA claim. (Doc. 7.) Currently pending are Plaintiff's Motion for Access to Forms and Rules (Doc. 66), Plaintiff's Motion for Appointment of Counsel (Doc. 67), Plaintiff's Motion for Order Concerning Court Access (Doc. 82), and Plaintiff's Motion to Compel Further Discovery (Doc. 84).

**I.   Jurisdiction**

As an initial matter, the Court finds that it has jurisdiction to rule upon the pending Motions and to proceed with discovery. In its Order dated February 18, 2020, the Court ordered the parties to brief the issue of whether Plaintiff's appeal to the Ninth Circuit (Doc. 68) divests this Court of jurisdiction to resolve the pending Motions and to continue with

discovery. Both parties filed briefs arguing that this case need not be stayed. (Docs. 83, 86.)

The general rule is that the filing a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, (1982) (per curiam). The Ninth Circuit has explained this divestiture rule as one of judicial economy "designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *California Dept. of Toxic Substances Control v. Comm Realty Project, Inc.*, 309 F.3d 1113, 1120-21 (9th Cir. 2002). Therefore, the filing of a notice of appeal does not necessarily transfer "jurisdiction over the entire case to the court of appeals." *See Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 379 (1985). Rather, under some circumstances, the district court may retain jurisdiction over issues separate from or collateral to the issues raised on appeal. *Id.*

The operative question in determining jurisdiction is whether "the district court would be deciding the same issues [as] the appeals court." *Stein v. Wood,* 127 F.3d 1187, 1190 (9th Cir. 1997). Here, Plaintiff has appealed the court's denials of injunctive relief. (Doc. 68.) The issues on appeal are whether this Court properly denied Plaintiff's requests for injunctive relief concerning access to courts because Plaintiff did not demonstrate an "actual injury," whether this Court properly denied Plaintiff's request for an injunction preventing Plaintiff from being placed in segregation or transferred between institutions, and whether this Court properly denied Plaintiff's request for an injunction requiring certain medical treatments. (*Id.*)

Conversely, here Plaintiff makes unrelated requests for access to forms and court rules, for appointment of counsel, and to compel discovery. (Docs. 66, 67, 84). The Motion for Order Concerning Court Access (Doc. 82) raises the issue of this Court's authority to provide injunctive relief regarding issues unrelated to the subject matter of the Complaint. As this Court confronts issues distinct from those raised on appeal, *Stein*, 127 F.3d at 1190, there is no risk of the "confusion and waste of time that might flow from putting the same

issues before two courts at the same time," *California Dept. of Toxic Substances Control,* 309 F.3d at1120-21. The Court therefore will not stay these proceedings.

**II.     Motion for Access to Forms and Rules**

The Court has ordered discovery in this action to proceed in phases, with the current phase limited to the issue of whether Plaintiff exhausted her administrative remedies. (Doc. 61). In her Motion for Access to Forms and Rules, Plaintiff requests a copy of this Court's General Order 18-19 and 23 blank subpoenas. (Doc. 66.) The Court previously denied Plaintiff's requests for the issuance of subpoenas directed at the Department of Justice Office of Inspector General, for subpoenas directed at nineteen prisoners in the custody of the Bureau of Prisons, and for subpoenas for staff at the institution in which Plaintiff is incarcerated. (Doc. 61.) The Court found that Plaintiff's requests for subpoenas were not adequately supported and did not comply with General Order 18-19, which sets forth rules for self-represented litigants who wish to issue subpoenas. (*Id.*) The Court granted Plaintiff "leave to refile a motion that complies with General Order 18-19 and that states with particularity" what directly relevant information the person or entity to be subpoenaed possesses. (*Id.*)

Plaintiff states that neither General Order 18-19 nor the forms for issuing a subpoena are available in the prison library to which she has access. (Doc. 66.) The Court's General Orders and the appropriate subpoena forms are available for public access on the websites of the United States District Court for the District of Arizona, www.azd.uscourts.gov, and the United States Courts, www.uscourts.gov, respectively. Plaintiff, however, states that the printer in the prison library to which she has access is not functioning. (Doc. 66.)

Plaintiff states that her previous requests for subpoenas were "denied for non-compliance with rules she cannot access and failure to supply proposed subpoenas on forms she also cannot access." (*Id.*) However, Plaintiff's previous requests for subpoenas were not merely denied due to her failure to follow the local rules or provide the appropriate forms. Rather, Plaintiff's requests were primarily denied because Plaintiff did not describe with any particularity the relevance of the information sought:

"Plaintiff's request is complicated by the number of unrelated grievances she has filed and by the number of unrelated incidents of retaliation she alleges. Given that Plaintiff has submitted dozens of grievances over the past two years, the Court will require a proffer of evidence that the requested witnesses have first-hand knowledge specifically regarding the BP-9 form at issue here, as opposed to other similar grievances regarding which there is no dispute that Plaintiff has filed. Similarly, on the issue of retaliation, testimony as to alleged threats or retaliation are only material here if they deterred Plaintiff from appealing the non-response to her BP-9 form as to this particular incident. General evidence of threats or retaliation will not suffice to rebut the evidence provided by Defendants as to exhaustion."

(Doc. 61). The Court will order that she be provided a copy of General Order 18-19. The Court declines to provide 23 blank subpoenas because Plaintiff has provided no statement of what information relevant to Plaintiff's allegation that she was deterred in this particular instance from appealing her grievance denial she is seeking. Plaintiff is given leave to refile her request, but only in a motion that provides a description of the documents or information sought and that requests subpoenas narrowly tailored to encompass information directly relevant to her claim that she was deterred in this particular instance from appealing her grievance.

### III.   Motion for Appointment of Counsel

Plaintiff moves to be appointed counsel. (Doc. 67.) There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). The statute does not provide for any payment for services rendered by an attorney requested to perform such duties. *See id*. Accordingly, appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id*. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id*. (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court previously denied an earlier Motion for Counsel. (Doc. 61.) The Court

considered Plaintiff's likelihood of success on the merits as well as her ability to articulate her claims pro se in light of the complexity of the legal issue involved. (*Id.*) The Court determined that exceptional circumstances did not exist so as to require the appointment of counsel in this matter. (*Id.*) Plaintiff again requests that she be appointed counsel and adds that (1) her eyeglasses were damaged and may not be replaced for several months, and (2) she is confined in solitary housing and has no current access to her file in this case. (Doc. 67.) Having considered the factors again, the Court finds that exceptional circumstances requiring appointment of counsel still do not exist.

**IV.      Motion for Order Concerning Court Access**

In her Motion for Order Concerning Court Access, Plaintiff seeks an "order prohibiting BOP from continuing to open and withhold mail in the pending interlocutory appeal." (Doc. 82.)  It is not entirely clear from her Motion, but it appears that Plaintiff argues that unspecified BOP employees are opening Plaintiff's mail from the Ninth Circuit Court of Appeals, the Eight Circuit Court of Appeals, the Third Circuit Court of Appeals, Senator Sinema, and "Help from Outside LLC" before giving it to her. (*Id.* at 4.)

Plaintiff's complaints regarding her legal mail are unrelated to her underlying claims in this action and, as a result, the Court lacks authority to grant Plaintiff the injunctive relief she requests. *See Pacific Radiation Oncology, LLC v. Queen' s Med. Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction"); *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint).  Likewise, Plaintiff does not identify that any named Defendant is involved in the opening of her legal mail and the Court lacks jurisdiction to resolve claims against non-parties.  Moreover, " [m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail . . . .  Accordingly, the First Amendment does not prohibit opening such mail outside the recipient' s presence." *Hayes v. Idaho Correctional Center*, 849 F.3d 1204, 1211 (9th Cir. 2017) (citation omitted).  Plaintiff has not presented

any evidence that any of the mail opened by unspecified BOP employees was from her lawyer. Plaintiff's Motion will be denied.

**V.     Motion to Compel Further Discovery**

In her Motion to Compel Further Discovery Responses (Doc. 84), Plaintiff moves pursuant to Rule 37 of the Federal Rules of Civil Procedure to compel further discovery responses. (*Id.*) Plaintiff raises eight instances in which she alleges Defendants have violated their disclosure obligations. *(Id.)* Having reviewed the requests for production and interrogatories attached to Plaintiff's Motion, it is clear that Plaintiff has sought information outside of the phased discovery authorized by this Court. The Court has authorized discovery limited to the issue of administrative exhaustion, (Doc. 61), and will not enforce discovery requests exceeding that scope. Moreover, the Court ordered that the parties not file written discovery motions without leave of Court:

> The parties shall not file written discovery motions without leave of Court. In the event of a dispute over discovery matters, the parties must engage in personal consultation regarding the dispute and must make a sincere effort to resolve the conflict expeditiously. See LRCiv 7.2(j). If a discovery dispute cannot be resolved despite the party's sincere efforts, either party may file a request for a telephonic conference or for permission to file a written discovery motion; such a request must specify the results of the parties' personal consultation and the matter(s) remaining in dispute.

(Doc. 61). Here, Plaintiff did not request leave before filing her Motion to Compel. The Motion to Compel will be denied. (Doc. 84.)

Accordingly,

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

X  FILED         __LODGED
__RECEIVED  __COPY

SEPTEMBER 18, 2018

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA

BY *s/ M. Everette*  DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| In the matter of | |
|---|---|
| THE ISSUANCE OF SUBPOENAS FOR SELF- REPRESENTED LITIGANTS | GENERAL ORDER 18-19 |

IT IS ORDERED that any self-represented litigant who wishes to serve a subpoena must file a motion with the Court for issuance of the subpoena. The motion must (1) be in writing, (2) attach a copy of the proposed subpoena, (3) set forth the name and address of the witness to be subpoenaed and the custodian and general nature of any documents requested, and (4) state with particularity the reasons for seeking the testimony and documents. The assigned judge shall determine whether the requested subpoena shall issue. Issuance of the subpoena shall not preclude any witness or person subpoenaed, or other interested party, from contesting the subpoena.

DATED this 18th day of September, 2018.

_____
G. Murray Snow
Chief United States District Judge