**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-18-00535-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Leave to File an Amended/Supplemental Complaint and Motion to Appoint Counsel. (Docs. 138, 139.) Defendant Bureau of Prisons (BOP) responded in opposition. (Doc. 145.) For the following reasons, the Motions will be denied.

**I.    Background**

Plaintiff filed this lawsuit on November 2, 2018, while incarcerated at the United States Penitentiary (USP) in Tucson, Arizona. (Doc. 1.) Plaintiff alleged claims under 28 U.S.C. § 1331, *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Federal Torts Claims Act ("FTCA"), alleging that three nurses at USP-Tucson withheld her medications as retaliation for her filing a lawsuit. (*See* Doc. 1.) She further alleged that the BOP and staff members conspired to discontinue her medications for non-clinical purposes. (*Id.*) Plaintiff sought monetary damages and injunctive relief

enjoining the denial of medications that were prescribed to her up until September 1, 2018. (*Id.*) Specifically, Plaintiff sought an "injunction enjoining denial or deprivation of all medications that were prescribed up until September 1, 2018." (*Id.* at 6.)

On screening, the Court directed Defendants Estrada, Alexander, and Schuler to answer Count One to the extent it sought monetary damages pursuant to an Eighth Amendment *Bivens* claim. (Doc. 7.) The Court further directed Defendants BOP and the United States Public Health Service (USPHS) to answer Count One to the extent it sought injunctive relief under 28 U.S.C. § 1331 for alleged Eighth Amendment violations. (*Id.*) The Court directed the United States to answer the FTCA claim raised in Count Two and based on the same facts alleged in Count One. (*Id.*)

The Court then dismissed Count Two and Defendant United States for lack of subject matter jurisdiction. (Doc. 44.) Thereafter, Plaintiff voluntarily dismissed *Bivens* Defendants Estrada, Alexander, and Schuler and stated she wished to proceed on her claims against the BOP only. (Docs. 98, 103.) Defendant BOP then moved to dismiss the claim for injunctive relief as moot because Plaintiff had been transferred to a different federal facility. (Doc. 115.) The Court granted the Motion to Dismiss, dismissed the action as moot, and dismissed Defendant USPHS for failure to serve. (Doc. 125.)[1]

Plaintiff appealed the final judgment dismissing her case. (Doc. 128.) On September 12, 2022, the Ninth Circuit Court of Appeals issued a mandate vacating this Court's dismissal of Plaintiff's claim for injunctive relief against the BOP as moot. (Doc. 144.) The mandate states, in relevant part:

> The district court dismissed Pinson's claim against defendant Bureau of Prisons ("BOP") on the ground that this claim was rendered moot when Pinson was transferred from USP Tucson to a different federal prison. However, Pinson alleged that BOP had wrongfully removed certain medications from the BOP formulary. To the extent BOP's challenged action is a system-wide policy, Pinson's transfer to a new federal prison did not render Pinson's claim against BOP moot. *See Johnson v. Baker*, 23 F.4th 1209, 1214 n.2 (9th Cir. 2022) ("While the transfer of an inmate to a

---

[1] The Court notes that the docket does not reflect the dismissal of Defendant United States Public Health Service; accordingly, this Order will re-state that dismissal.

- 2 -

new prison will usually moot a challenge to conditions at a 'particular facility,' that is not true when the inmate attacks a 'system wide' policy." (citations and internal quotation marks omitted)). We therefore vacate the district court's judgment dismissing this action as moot, and remand for the district court to consider in the first instance whether Pinson has raised a challenge to a system-wide policy of BOP. On remand, the district court should also consider Pinson's return to USP Tucson in addressing BOP's motion to dismiss this action as moot.

(Doc. 144); *see also Pinson v. Estrada*, No. 21-15531, 2022 WL 2828780, at *1 (9th Cir. July 20, 2022).

## II.     Motion for Leave to Amend Complaint

In Count One of her proposed Amended Complaint, Plaintiff seeks to add the previously dismissed Eighth Amendment *Biven*s claims against former Defendants Alexander and Estrada, as well as new Eighth Amendment *Biven*s claims against Doctors Ash and Waite alleging that they withheld her medications based on false medical records authored by Alexander and Estrada in 2018. (Doc. 139.) In Count Two, Plaintiff seeks to add a new Eighth Amendment claim for "delay in medical tests and treatment" related to a wrist injury for which Plaintiff saw an orthopedic surgeon. (*Id.*) In Count Three, Plaintiff seeks to add a claim pursuant to the Rehabilitation Act, though it is unclear precisely which factual allegations support the proposed Rehabilitation Act claim. (*Id.*)

### A. Applicable Law

A party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1)(a). Otherwise, a party may amend its pleading only with the opposing party's written consent or with leave of court, which should be given when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiff may not amend her Complaint as a matter of right at this stage of litigation, after this Court has dismissed her case and the Court of Appeals has remanded.

Once the deadline set by the Court for amending a complaint has passed, Fed. R. Civ. P. 16 applies in determining whether a plaintiff's proposed amendments should be allowed. *See* Fed. R Civ. P. 16(b)(4) (a scheduling order may be modified only for good

cause); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (applying Rule 16 to request for leave to amend complaint after deadline had passed).

"A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson*, 975 at 609 (internal citation omitted). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id*. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id*. (citing Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*. (internal citation omitted). "If that party was not diligent, the inquiry should end." *Id*.

If a party seeking leave to amend meets the Rule 16 standard, courts then consider five factors in deciding whether to grant a motion for leave to amend under Fed. R. Civ. P. 15. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) ("[O]nce the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).") The factors are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposition party by virtue of the allowance of the amendment, [and] futility of amendment." *Day v. LSI Corp.*, 174 F. Supp. 3d 1130, 1152 (D. Ariz. 2016), *aff'd*, 705 F. App'x 539 (9th Cir. 2017); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "As a general rule, when a plaintiff files an amended complaint, the amended complaint supersedes the

original, the latter being treated thereafter as non-existent." *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (internal quotations omitted).

**B. Discussion**

The Court finds that Plaintiff has failed to show good cause to amend her Complaint. Plaintiff's Motion makes no effort to explain the delay in proposing the amendments, which include additional Defendants, claims, and factual allegations. Nor does it explain on what basis Plaintiff seeks to raise claims and add Defendants that were, on her Motion, previously dismissed. Although Plaintiff asserts that "multiple medical developments" have occurred since the operative Complaint was filed, "such as an MRI which revealed new information about the extent of Plaintiff's injuries" (Doc. 139 at 2), such information does not relate to the issues that remain before this Court following remand, which involve only BOP's alleged denial of medications to Plaintiff. Therefore, even if Plaintiff had shown good cause, which she has not, such an amendment does not relate back to the original Complaint. *See Percy v. San Francisco Gen. Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988) ("When a plaintiff seeks to amend a complaint to state a new claim against an original defendant . . . the court considers whether the allegations of a new theory. . .involve the same transaction, occurrence, or core of operative facts involved in the original claim."); *see also* Fed. R. Civ. P. 15(c).

The proposed Amended Complaint does appear to allege new facts that may be relevant to whether Plaintiff has raised a challenge to a system-wide policy of BOP. (*See* Doc. 144-1.) For instance, Plaintiff alleges additional facts related to the BOP's National Drug Formulary, which she alleges "was changed" in 2016 to, among other things, remove Gabapentin and Wellbutrin from the list of formulary treatments, which subsequently affected the provision of these drugs to BOP inmates. (*See* Doc. 139-1.) However, diligence, not relevance, is the standard for amending a Complaint after the deadline for doing so has passed. *Johnson*, 975 at 609. Plaintiff filed this lawsuit in 2018. (Doc. 1.) She has not even attempted to provide an explanation for why she did not, at that time, include the factual allegations related to the 2016 changes to the BOP's

National Drug Formulary that she now proposes to add.[2] Furthermore, the proposed Amended Complaint does not link these new factual allegations to a claim. *See Gray v. Johnson*, No. 1:13-CV-01473 DLB PC, 2014 WL 897014, at *3 (E.D. Cal. Mar. 7, 2014) (an amended complaint "must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights"). Accordingly, because Plaintiff has not demonstrated diligence or explained the delay in amending her Complaint, the Motion will be denied.

### III. Motions for Appointment of Counsel

Plaintiff asks the Court to appoint counsel following the Ninth Circuit Court of Appeals mandate. (Doc. 138; Doc. 139 at 3-4.) Plaintiff avers that the appointment of counsel is necessary because the issues before the Court are "medically, complex, sophisticated, and system-wide in nature." (Doc. 139 at 3.)

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate her claims pro se in light of the complexity of the legal issue involved. *Id*. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id*. (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, there are no exceptional circumstances present that would require the appointment of counsel at this time. *See Wilborn*, 789 F.2d at 1331. Plaintiff makes no argument regarding her likelihood of success on the merits of

---

[2] The proposed Amended Complaint does not raise new factual allegations pertaining to the alleged existence of a "system-wide policy" at BOP that occurred after the operative Complaint in this matter.

- 6 -

her claims, nor does she articulate why the assistance of an attorney is necessary for further litigation of this matter. The Court finds no indication that Plaintiff will not be able to articulate and/or litigate her claims, particularly given her extensive history of litigation in this Court. Plaintiff's status as an incarcerated and self-represented litigant does not constitute an "extraordinary circumstance" warranting the appointment of counsel. Accordingly, the Court will deny Plaintiff's Motion without prejudice to re-filing at a later point in these proceedings.

### IV. Briefing on Remand

The Court will direct the parties to submit briefing on the two issues identified by the Ninth Circuit Court of Appeals on remand: (1) whether the Court's ruling dismissing this case as moot should stand, considering Plaintiff's return to USP-Tucson; and (2) whether Plaintiff states a valid claim of a system-wide BOP policy of removing certain medications from its formulary.

Accordingly,

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel on Remand (Doc. 138) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File an Amended/Supplemental Complaint and Motion to Appoint Counsel (Doc. 139) is **denied**.

**IT IS FURTHER ORDERED** that Defendant United States Public Health Service is **dismissed**.

**IT IS FURTHER ORDERED** that briefing on the issues presented by the Ninth Circuit Court of Appeals on remand shall occur as follows:

(1) Plaintiff shall submit her brief within **thirty (30) days** of the date this Order is filed. Plaintiff's brief shall not exceed **twelve (12) pages**.

(2) Defendant shall submit its response within **thirty (30) days** of the date Plaintiff's brief is filed. Defendant's response shall not exceed **twelve (12) pages**.

(3) No reply shall be allowed absent further Order of Court.

Dated this 22nd day of November, 2022.

_____
Honorable Rosemary Márquez
United States District Judge